IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

PERFORMANCE CHEVROLET, INC., Plaintiff,

v.

MARKET SCAN INFORMATION SYSTEMS, INC., Defendant.

CASE NO. CV 04–244-S-BLW

**ORDER**

**INTRODUCTION**

Currently pending before the Court for its consideration is Plaintiff's Motion for Court Ordered, Judicially Supervised Settlement Conference and for Reimbursement of Fees and Costs Associated with Prior Mediation (Docket No. 35), February 10, 2005. On May 6, 2005, the Court entered an Order denying Plaintiff Performance Chevrolet's request for a court ordered, judicially supervised settlement conference (Docket No. 80), but reserved its ruling relating to the request for sanctions pending the submission from both parties of supplemental briefs citing legal authority empowering the Court to award sanctions for conduct that occurred during the course of a private mediation. Having reviewed all briefing submitted, as well as other pertinent documents in the Court's file, and having heard oral arguments, the Court finds that, for the following reasons, the Plaintiff's motion should be granted in part and denied in part.

## I.
## Background

Following the Case Management Order (Docket No.21), which mandated that the parties file an ADR Plan by January 3, 2005, the parties submitted a Joint ADR Plan scheduling a mediation before Judge D. Duff McKee,[1] a private mediator, on February 9, 2005. On January 6, 2005, Judge McKee sent a letter to the parties detailing how he expected mediation to proceed. Specifically, Judge McKee stated in his letter that he required the attendance of "the most senior individual within the company with personal responsibility over the issues in litigation and who is the decision maker on the matter." Judge Mckee further stated that it was "not sufficient for a party or company representative to participate only by telephone" without prior notice and an agreement between counsel for the parties.

Initially, both Performance Chevrolet and Market Scan indicated they were eager to settle this matter. When time came for the mediation, the two owners of Performance Chevrolet took the day off work and traveled from Mountain Home to Boise to appear with counsel, but Market Scan only appeared through its local counsel, Kevin Braley, and its in-house counsel, Greg May. Greg May stated he had "limited authority" to settle this matter, but he could obtain more extensive authority via telephone. Counsel for Performance Chevrolet maintains that Greg May "lied" when he stated he had limited authority to settle the matter. Taking offense to this characterization, Market Scan represents that Greg May cannot recall what statements he made during introductions, but counsel for Market Scan believes that Mr. May made it clear to Judge McKee and to Performance Chevrolet that final settlement authority would only be available

[1] Judge D. Duff McKee is retired State of Idaho District Judge.

through telephone.  Mr. May submitted an affidavit to this effect, declaring that he never intended to deceive Performance Chevrolet about his settlement authority.

After the parties presented the background information to Judge McKee over the course of several hours, the parties retired to their respective rooms and Performance Chevrolet commenced settlement negotiations with an offer of settlement.  Performance Chevrolet's offer consisted of its entire claim for contract damages, prejudgment interest, and attorney fees.  According to Market Scan's version of events, it did not consider Performance Chevrolet's unilateral demand for its entire claim to be a "good faith offer," and Market Scan representatives insisted on a compromise settlement offer to begin negotiations, which Market Scan did not receive.  At this point, negotiations were stymied.  A problem compounded by the fact that the individual with authority to settle, Russell W. West, had been unexpectedly hospitalized and could not be reached.  Mr. May also tried to contact Russell G. "Rusty" West, Mr. West's son and Market Scan's president, but his attempts failed because Market Scan's president was also unavailable due to the hospitalization of his father.  Market Scan states it immediately notified Judge McKee of the West's family circumstances.

Performance Chevrolet, believing that Mr. May had at least "limited authority" to settle, waited until 4:00 pm for a response to their offer from Market Scan whereupon Judge McKee terminated the mediation, informing Performance Chevrolet that Greg May did not have adequate authority to settle this matter and Greg May was unable to reach anyone at Market Scan who did because of Mr. West's unexpected hospitalization.  Mr. May also professes that he could not re-schedule the mediation for the following day because Mr. West and his son would remain unavailable due to Mr. West's medical condition.

On February 10, 2005, Judge McKee sent the parties a letter stating his fees totaled $1800.00.  He also expressed his disappointment with Market Scan's conduct, reiterating that he had requested the parties with authority to settle the dispute attend the conference.  He reprimanded Market Scan for directly contravening his request by not providing such a person, which "doomed the conference" to inevitable failure.  Judge McKee also noted that the "Market Scan representative did not even have the authority to open the negotiations without specific clearance from other executives at the home office."  As a result of Market Scan's alleged failure to negotiate in good faith, Performance Chevrolet requests compensation for the following expenses incurred as a result of the unsuccessful mediation: (1) counsel preparing for and attending the one-day mediation; (2) the co-owners of Performance Chevrolet missing an entire day of work at their dealership, and (3) one-half the mediator's cost of preparing for and attending the mediation.

## II.
## Discussion

Without any question the Court would have the authority to sanction Market Scan if it did not negotiate in good faith conduct during a judicially supervised settlement conference.  The Court would also have authority to sanction a party, who did not negotiate in good faith, if an ADR referral order required that a specific procedure be followed during the course of a private mediation, i.e. parties with settlement authority must personally attend.

Whether the Court has the authority to impose sanctions on Market Scan for its alleged failure to negotiate in good faith in a private mediation when the District Court did not provide any specific instructions to the parties as to the terms or rules that should govern the private mediation presents a more difficult question.  Performance Chevrolet argues that Federal Rule of

Civil Procedure 16(f) authorizes the Court to impose sanctions on Market Scan for its alleged failure to comply with its Case Management Order directing the parties to submit a ADR Plan. In addition, Performance Chevrolet argues that the Court also may derive its authority to impose sanctions from its inherent power to control litigation and control the judicial process, its statutory authority to sanction unnecessary and vexatious conduct, and pursuant to Rule 11. At oral argument, Performance Chevrolet also referenced the Local Rules of District Court for the District of Idaho, specifically Local Rule 16.5, which establishes the Court's ADR program as additional authority to sanction Market Scan. As this Court finds that Rule 16(f) and Local Rule 16.5 grant it the authority to impose sanctions in this matter, it will not address Performance Chevrolet's remaining arguments.

**A. Fed.R.Civ.P 16(f) and Dist. Idaho Loc. Civ. R. 16.5**

Performance Chevrolet asserts that the Court has power to enforce settlement conferences and sanction those who fail to participate in the court-ordered ADR process. In support of its contention, Performance Chevrolet cites Rule 16(f), which authorizes a Court to impose sanctions on a party or party's attorney who "fails to obey a scheduling order or pretrial order." Fed.R.Civ.P 16(f). Performance Chevrolet also argues that Market Scan violated Local Rule 16.5, which sets forth the Court's ADR procedure.

To support this contention, Performance Chevrolet directs the Court's attention to *Turner v. Young*, 205 F.R.D. 592 (D.Kan. 2002). In *Turner*, defense counsel appeared at a private mediation without a representative with plenary authority to settle the claim in spite of the fact that plaintiff had already had refused defendant's request to allow the claims handler with settlement authority to participate by telephone. In finding that defendant's conduct constituted

bad faith, the district court in Kansas expressly extended the language in its local rule requiring the physical presence of an individual with settlement authority to private mediation, even though the local rule did not explicitly contain such a provision. The court held, "regardless of whether the parties are attending a settlement conference or a private mediation session, '[a]ttendance by a party representative with settlement authority...is mandatory without a court order alleviating the requirement." *Id.* at 595. When justifying extension of the local rule to private mediation, the court reasoned that such a rule would allow any party, believing mediation would be a futile if a party representative with settlement authority could not attend, to have time to seek a court order relieving that party of its obligation to participate in the mediation session. *Id.*

To further bolster its contention that Fed.R.Civ.P 16 authorizes the Court to impose sanctions for conduct occurring during a private mediation, Performance Chevrolet cited a Ninth Circuit case at oral argument, approving the imposition of sanctions against the president of the plaintiff's company because the president failed to attend a private mediation and failed to notify the parties that he would not be attending. *Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762 (9th Cir. 2001). In *Lucas*, as in this case, the president of plaintiff's company failed to attend the private mediation because of a medical emergency. The president's failure to attend the conference was neither willful nor grossly negligent. Furthermore, the district court did not order the mediation, the conduct did not occur during a scheduling or pretrial conference, and the president's failure to attend the mediation did not directly contravene any court order. Yet, the Ninth Circuit nonetheless approved the district court's decision to impose sanctions pursuant to Fed.R.Civ.P 16 and the local rules for the

Central District of California inasmuch as the plaintiff did not notify the parties beforehand of his nonappearance. *Id.* at 769.

Similarly, the Court finds Market Scan's failure to send a representative with ultimate settlement authority to the private mediation, which was conducted in accordance with the Court's Management Order, warrants sanctions. United States District Judge Winmill entered a Case Management Order on October 14, 2004, directing the parties to file an ADR Plan indicating the form of ADR to be utilized and the date that it would be conducted, and further encouraging the parties to confer with the Court's ADR Coordinator, Denise Asper as authorized by Local Rule 16.5. Pursuant to this Order entered under the auspices of Local Rule 16(a)(1), which specifically empowers the Court to authorize and regulate the use of mediation and arbitration, the parties agreed to attend a mediation on February 9, 2005, before Judge Duff McKee, who also happened to be on the Panel of Mediators established by Idaho Loc.Civ.R. 16.5. Before the February mediation, Judge McKee sent the parties a letter requiring that a person with authority to settle the dispute be present at the mediation. Market Scan appeared at the mediation without a representative with the ultimate authority to settle the case in blatant disregard of Judge McKee's explicit instructions requiring the *physical* presence of such an individual

Although the Case Management Order entered on October 14, 2004, contains no explicit instructions directing the party to send a representative with reasonable and actual settlement authority to mediation, implicit in the Court's Order referring the matter to ADR, was the requirement that the parties negotiate in good faith and abide by the private mediator's procedures governing the mediation. Furthermore, Local Rule 16.5(i) requires the mediator to

set forth the procedures that will be followed during the session and to outline who shall attend the session on behalf of each party. Judge McKee satisfied this requirement by sending his letter to each side detailing the procedures he wanted the parties to follow during mediation. As noted above, Market Scan blatantly disregarded Judge McKee's instructions when it only sent its in-house counsel, who was relatively unfamiliar with the case, and who did not have the authority to settle without first consulting Market Scan's President. Market Scan's insistence that Mr. West's unexpected hospitalization resulted in the failed settlement conference does not change the fact that no attempt was made <u>before</u> the sudden medical emergency to have Mr. West attend, or notify Performance Chevrolet and Judge McKee that he would not be attending.

As the Court stated during oral argument, it has not hesitated to impose sanctions for similar behavior in situations where a party has appeared in a judicially supervised settlement conference without a representative with authority to settle. At the very minimum, Market Scan had the obligation to notify Performance Chevrolet, as well as Judge McKee, well in advance of the mediation, that neither Russell West nor his son would be physically present at the conference. When a party attends a mediation without a representative with proper settlement authority, this can substantially thwart the mediation process. Accordingly, the Court directs Market Scan to pay costs and fees to compensate Performance Chevrolet for the time expended in preparing and attending the mediation.

**B. Amount of Sanctions**

Before the Court is an affidavit from Mr. J. Walter Sinclair itemizing the costs and fees incurred by Performance Chevrolet as a result of services rendered in association with preparing and attending the failed mediation. In addition, Mr. Sinclair included hours expended towards

preparing its motion for the judicially supervised settlement conference. Performance Chevrolet requests costs of $900.00 (one-half of the fee Performance Chevrolet had to pay to Judge McKee) and attorney fees of $9586.50 for a total of $10,486.50.

The Court has reviewed the objections to the costs and attorney fees made by Market Scan. Rather than going through each item individually, the Court will provide some general guidance as to how it determined what fees should be awarded. Normally, the Court does not award fees for inter-firm meetings between attorneys and attorneys and para-legals. Nor does the Court award fees for contacts with the Court, by telephone, or otherwise. And the Court will not award fees associated with Performance Chevrolet's Motion for a Judicially Supervised Settlement Conference, as the Court denied this Motion. Furthermore, because the Court directed the parties to submit supplemental briefing in conjunction with the present motion, the Court will not award any costs incurred for the additional memorandums prepared at the Court's request.

After making adjustments for the disallowed items, the Court will award Performance Chevrolet $2331.00 for the essential costs associated with preparing for and attending the mediation. In addition, the Court will require Market Scan to compensate Performance Chevrolet for Judge McKee's mediation fee in the amount of $900.00, for a total amount of $3231.00 .

**ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** Plaintiff's Motion for Reimbursement of Fees and Costs Associated

with Prior Mediation (Docket No. 35), filed February 10, 2005, is GRANTED IN PART AND DENIED IN PART.

**IT IS FURTHER ORDERED that** Plaintiff's Motion with respect to its request for a court ordered, judicially supervised settlement conference (Docket No. 35), filed February 10, 2005, is DENIED pursuant to this Court's Order dated May 6, 2005 (Docket No. 80).

UNITED STATES COURTS DISTRICT OF IDAHO

**DATED: July 25, 2005**

**Honorable Mikel H. Williams**
**United States Magistrate Judge**