IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PERFORMANCE CHEVROLET, INC., | Case No. CV-04-0244-S-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| MARKET SCAN INFORMATION SYSTEMS, INC., | |
| Defendant. | |

## INTRODUCTION

The Court has before it two motions in limine. The motions are fully briefed and at issue. For the reasons expressed below, the Court will grant in part and deny in part the motions, without prejudice to the rights of the parties to raise these objections at trial. While some rulings must await trial, this decision should give counsel some indication of the Court's approach to the issues.

## LITIGATION BACKGROUND

Performance leased software from Market Scan that allegedly never worked as promised. To recover its damages, Performance has sued Market Scan for breach of contract and fraud.

The software leased by Performance, a Chevrolet dealer, from Market Scan

**Memorandum Decision and Order – Page 1**

was known as the Lease Prophet System.  The System allows dealers to search for information from lending institutions as they seek financing for their customers who wish to lease vehicles, thereby allowing the dealers to compare financing packages from the different lending institutions.

Performance alleges that Market Scan promised that the System would (1) give it access to hundreds of lending institutions, (2) update nightly, (3) provide accurate information, and (4) offer the potential for increased revenues and lower costs for Performance in placing customers in lease financing situations.

When the System did not perform as promised, Performance brought this action against Market Scan.  Market Scan responded with a motion for summary judgment, that this Court granted in part.  The Court dismissed Performance's tort claims, leaving only claims for breach of contract and warranties.  The focus in this case for trial, that begins next week, is whether the System worked as promised.

The Court will now turn to the two motions in limine.

## ANALYSIS

**1.      Motion for Sanctions for Spoliation of Evidence**

Market Scan seeks sanctions against Performance for withholding a computer system.  The system's hard drive contains the Lease Prophet software that is at the heart of this dispute.  The central issue for trial is whether the software

**Memorandum Decision and Order – Page 2**

worked as promised. One of Market Scan's defenses is that Performance was not using the software properly, and to pursue this defense, Market Scan needs to inspect the computer system to see how the software was working.

Market Scan filed this motion because Performance could not find the computer system, despite promising earlier that it would make it available for inspection upon 48 hours notice. Later, Performance located the system, but now will not allow Market Scan to inspect the system, claiming that discovery has closed and Market Scan should have requested inspection during the discovery period.

The Court disagrees. Performance promised to make the computer system available on 48 hours notice with no restriction that the request be made during the discovery period. Indeed, when Market Scan made its inspection request after the discovery period had expired, Performance agreed to make the system available consistent with its promise, until it discovered that the system was missing.

Thus, the Court finds that Market Scan is entitled to inspect the computer system immediately and copy the hard drive. Market Scan also seeks to informally interview Dave Goforth and K.R. Reinschmidt concerning the details of why the system was missing and how it was found. According to Reinschmidt's testimony in his affidavit, he stored the system in a storage area above his office. At some

**Memorandum Decision and Order – Page 3**

point, he asked Goforth to salvage certain computers, not intending that this particular computer be salvaged. Unbeknownst to Reinschmidt, Goforth took this computer home. When Market Scan asked to inspect the computer, Reinschmidt could not locate it. In his search, he called Goforth, discovered that he had the computer, and retrieved it from him.

Market Scan wants to interview Goforth and Reinschmidt to determine if the computer has been altered in any way. Performance resists, claiming that discovery has closed and that Market Scan's request comes too late.

Performance's argument is not persuasive because its own actions have raised a suspicion of alteration. By failing to maintain custody of the computer and make it available as promised, Performance has at least created a question whether the computer has been altered in any way. Market Scan is therefore entitled to informally interview Goforth and Reinschmidt on the alteration issue. Performance shall therefore make Reinschmidt available immediately for an informal interview, and shall use its influence to make Goforth available, although the Court recognizes that he is not a current employee.

The Court is confident that these interviews, and the inspection of the computer, will be done on an expedited basis with the full cooperation of all counsel. The Court will not extend the trial date.

**Memorandum Decision and Order – Page 4**

The Court will not take any action at this time to issue sanctions or exclude evidence. While these options remain available, there is no actual proof at this time that evidence was altered.

**2.      Motion re Testimony of Nonparty Customers of Market Scan**

Market Scan seeks to exclude evidence that customers other than Performance were dissatisfied with the Lease Prophet system. Performance has listed several witnesses who were customers of Market Scan, used the identical Lease Prophet software at issue here, and had problems similar to those allegedly suffered by Performance. For example, Jennifer Hannah, vice-president of the Dick Hannah Dealership, will testify that her dealership used the Lease Prophet software and had many of the same problems complained of by Performance. *See Hannah Affidavit*. She will testify that the automatic updates consistently failed, manual reboot updates failed, and the software would go down for days at a time. She will also testify that Market Scan was unresponsive, and failed to repair the problems despite repeated requests to do so.

The admissibility of this evidence turns on an analysis of Rules of Evidence 401, 403, 404(b), and 406. Turning first to Rule 401, the evidence must be relevant. That Rule defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the

**Memorandum Decision and Order – Page 5**

action more probable . . . than it would be without the evidence." Evidence that the identical software failed to perform certain tasks for others makes it more probable that it failed to perform those same tasks for Performance. Thus, the evidence generally meets the definition of relevance contained in Rule of Evidence 401. Of course, the Court will have to examine the precise evidence introduced at trial to make a final determination on relevance. However, at this point, the Court cannot find it so clear that the evidence is irrelevant that it must be excluded.

This evidence is "other act" evidence, and thus must be analyzed under Rule 404(b). That Rule imposes the following test to determine admissibility: "(1) there must be sufficient proof for the jury to find that [Market Scan] committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must be similar to the act at issue in this litigation." *See Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000).

While the Court cannot rule definitively until hearing from these witnesses, their affidavits show a reasonable likelihood that they will be able to satisfy each of the above-listed elements. The witnesses used the identical software, and experienced similar problems during generally the same time-frame at issue here. Under these circumstances, the Court cannot find that their testimony is so clearly

**Memorandum Decision and Order – Page 6**

outside Rule 404(b) that it must be excluded.[1]

Even if the evidence is admissible under Rules 401 and 404(b), it may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or an undue waste of time. Assuming that Rule 404(b) is satisfied, so that there is a "tight fit" between the other acts and this case, the probative value of the evidence is high. The fact that the identical software failed for others the same way it did for Performance is some evidence that the flaws were in the software and not due to operator error.

The potential prejudice rises in direct relation to the lack of a "tight fit" between the other acts and this case. If the other acts are dissimilar to this case, no inferences can be drawn from them, and their discussion would only distract jurors and raise impermissible inferences. However, a "tight fit" would both boost the probative value and reduce the danger of unfair prejudice. Thus, the Court will carefully analyze the evidence to ensure a "tight fit." The Court cannot find now that the evidence is clearly subject to exclusion under Rule 403.

---

[1] Performance attempts to admit the evidence under Rule 406, as evidence of habit or routine practice. In a prior case, cited in the briefing here, this Court discussed the difficult standard that must be met under Rule 406. *Fort Hall Landowners Alliance, Inc. v. Bureau of Indian Affairs*, 407 F. Supp. 2d 1220 (D. Id. 2006). While the Court will await trial to make a definitive ruling, the present record does not disclose sufficient proof of a habit or routine practice. It is therefore unlikely that the evidence could be admitted under Rule 406. However, because the evidence at least has a chance of admissibility under Rules 401 and 404(b), the failure to qualify under Rule 406 is not fatal to Performance's proffer.

**Memorandum Decision and Order – Page 7**

Finally, Market Scan argues that Performance divulged some of these witnesses too late. In *Depew v. ShopKo Stores, Inc.,* Civ. No. 03-539-S-BLW (memorandum decision filed January 6, 2006), the Court set forth a five-step "decision tree" for resolving whether a witness designation is timely: (1) Was the person identified in the Rule 26(f) initial disclosures? (2) If not, was the person identified in a supplemental disclosure pursuant to Rule 26(e)? (3) If not, has the person and his connection to the claims or defenses of the proffering party "otherwise been made known to the other parties during the discovery process or in writing" thereby excusing the failure to supplement under Rule 26(e)? (4) If not, has the proffering party shown that its failure was substantially justified to avoid Rule 37 sanctions? (5) If not, has the proffering party shown that its failure was harmless to avoid Rule 37 sanctions?

Witnesses Gary Butler, Kevin Hanigin, Tom Green, and Scott Reaves were not identified in initial disclosures, and were not identified in supplemental disclosures until after the discovery deadline had passed. There is clearly prejudice to Market Scan because they are entitled to depose these witnesses to determine whether there is a "tight fit" between their problems and the problems at issue here. With discovery having closed, Market Scan is deprived of that crucial opportunity.

Thus, the witnesses are subject to exclusion unless Market Scan had some

**Memorandum Decision and Order – Page 8**

other notification that they might be witnesses. With regard to witness Kevin Hanigin, Performance did notify Market Scan about his complaints within the discovery period, giving Market Scan the opportunity to depose him. His testimony will therefore not be excluded.

There is no similar notification with regard to Butler, Green, and Reaves. Performance argues, however, that its late disclosure was the fault of Market Scan. Performance contends that it asked Market Scan in discovery requests to identify dissatisfied customers, and that Market Scan responded with what appeared to Performance to be a list of all the dissatisfied customers Market Scan was aware of. Performance therefore did not file a motion to compel but decided instead to do its own investigation, that revealed other dissatisfied customers. Performance therefore alleges that its late disclosure and failure to file any motion to compel were due to Market Scan's less-than-full disclosure.

That is not quite the case. In response to Performance's discovery requests, Market Scan objected on the ground that the request was burdensome, and then stated that it would only "provide[] a supplemental response identifying litigation filed by Market Scan's Idaho customers." *See Exhibit H to Hancock Affidavit.* Thus, Performance knew that Market Scan was not identifying all dissatisfied customers but only a narrow few Idaho customers who had gone so far as to file

**Memorandum Decision and Order – Page 9**

litigation.

Market Scan's response should have elicited a motion to compel by Performance. If Performance had filed that motion, and prevailed, a fair resolution would have included an opportunity for Market Scan to take the depositions of those customers. However, by proceeding on their own, Performance has now precluded Market Scan from engaging in that important discovery.

Under these circumstances, the Court cannot find that Performance's late disclosure of Butler, Green, and Reaves was due to Market Scan's malfeasance. Fo this reason, and pursuant to the discussion above, the Court will exclude any testimony from Butler, Green, and Reaves.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for sanctions for spoliation of evidence (Docket No. 131) is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent it seeks the immediate inspection of the computer system and the copying of the hard drive, and the informal interviews of Goforth and Reinschmidt. It is denied in all other respects.

IT IS FURTHER ORDERED, that the motion re third-party customers

**Memorandum Decision and Order – Page 10**

(Docket No. 130) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to exclude the testimony of Butler, Green, and Reaves. It is denied in all other respects without prejudice to Market Scan's right to raise an objection at trial.

DATED: **April 11, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court