## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PERFORMANCE CHEVROLET, INC., | ) ) | Case No. CV-04-0244-BLW |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM DECISION AND ORDER |
| MARKET SCAN INFORMATION SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it cross-motions for sanctions for spoliation.  The Court heard evidence on April 18, 2006, and the motions are at issue.  For the reasons expressed below, the Court will deny the motions.

## LEGAL STANDARDS

The legal standards governing sanctions for spoliation depend on the timing of the spoliation.  If the spoliation occurs before the litigation is filed, the sanctions are governed by the inherent power of the Court to make evidentiary rulings in response to the destruction of relevant evidence.  *See Unigard Security Insurance Co. v. Lakewood*, 982 F.2d 363 (9th Cir. 1992).  If, however, the spoliation occurs after the case is filed, Rule 37(b)(2) governs the sanctions.  *Id.*

A party engages in spoliation as a matter of law only if they had some notice

**Memorandum Decision & Order – page 1**

that the documents were potentially relevant to litigation before they were destroyed.  *See U.S. v. Kitsap Physicians Service*, 314 F.3d 995, 1001 (9th Cir. 2002).  This requires notice that the documents are relevant to the litigation.  *See Akiona v U.S.,* 938 F.2d 158 (9th Cir. 1991).   Spoliation can occur even in the absence of bad faith.  *See Glover v Bic Corp.,* 6 F.3d 1318 (9th Cir. 1993).

The party alleging spoliation has the burden to produce evidence suggesting that the destroyed evidence was relevant to his claims and would have been used at trial if not destroyed.  *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).  The majority of courts have held that pre-litigation destruction can constitute spoliation when litigation was "reasonably foreseeable" but not where it was "merely possible."  *See* Killelea, *Spoliation of Evidence*, 70 Brooklyn L. Rev. 1045, 1050 (2005).  Sanctions could include exclusion of claims, exclusion of evidence, or a jury instruction that the jury may presume that the destroyed evidence, if produced, would have been adverse to the party that destroyed it.  *Unigard*, 982 F.2d at 368-70.

## ANALYSIS

### 1.    Market Scan's Motion

Market Scan alleges that Performance deleted the software files at issue in this case, thereby preventing Market Scan from showing at trial that (1) the

**Memorandum Decision & Order – page 2**

software was not defective and (2) Performance's problems were due to its own misuse.

The evidence shows otherwise.  There is some uncertainty as to how the software was deleted.  However it appears that it was an unauthorized act by a Performance employee – a Mr. Gehring – done about 14 months before this case was filed.  Litigation against Market Scan at this point was remotely possible but certainly not reasonably foreseeable.  Performance's owner had previously reprimanded Gehring for taking and using computers, and directed him not to do so.  Nevertheless, Gehring apparently took the computer at issue here and installed a new operating system so that it could be used for training purposes.  Unfortunately, this had the effect of deleting the files which would be relevant here.  Gehring did this without the knowledge of, or permission from, Performance's owner and contrary to his express instructions.

Market Scan has not carried its burden of showing that the software, if preserved, would have been used at trial to help their case.  The evidence shows that had the computer been returned Scan when Performance Chevrolet terminated its relationship with Market Scan, a decision had already been made by Market Scan that the computer in question here would be donated to Boise High School.  The testimony also shows that before donating the computer, Market Scan would

**Memorandum Decision & Order – page 3**

have wiped the hard drive clean so as to delete all files and all software. Thus, even if Market Scan had the computer back in 2002, they would have donated it and wiped clean the hard drive.

Importantly, Market Scan did not request to examine the computer and software until just a month before trial. This substantially weakens Market Scan's claim that the computer is absolutely essential to its defenses. If the computer was so important, one must ask why Market Scan waited until the eve of trial, about two years after this lawsuit was filed, to examine the computer.

For all of these reasons, the Court will deny Market Scan's motion.

## 2.    **Performance's Motion**

Performance claims Market Scan destroyed certain logs that would have shown update attempts and their success rate. Performance knew long ago that these logs were not available, and yet waited until just a few days before trial to file this motion. Performance's counsel candidly conceded that he filed this motion in response to Market Scan's motion.

The Court cannot find any clear evidence of intentional destruction. Moreover, since this is really a "me-too" motion, and the Court denied Market Scan's motion, the Court will deny this motion as well.

### ORDER

Memorandum Decision & Order – page 4

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions for

sanctions (docket nos. 131, 167, & 168) are DENIED.

DATED:  **April 18, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court